ORIGINAL   SEALED

BY ORDER OF THE COURT

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 6 2023

at ____ o'clock and ____ min. ____M
Lucy H. Carrillo, Clerk

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
E-mail: michael.albanese@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  CR 23 - 0 0 0 8 6  JMS |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | |
| vs. | ) | [18 U.S.C. §§ 371 and 1955] |
| | ) | |
| EDWARD CASPINO,         (01) | ) | |
| WILLIAM CASPINO,        (02) | ) | |
| LAVERN JOSEPH,          (03) | ) | |
| KERILYN KELIINOI,       (04) | ) | |
| HOWARD UNEBASAMI, and   (05) | ) | |
| FAUSTO ARAGON, JR.,     (06) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## INDICTMENT

The Grand Jury charges:

### Count 1
Conspiracy
(18 U.S.C. § 371)

1.    From a precise earlier date unknown, but by at least as early as June 1, 2020, and continuing to at least on or about March 29, 2023, within the District of Hawaii and elsewhere, EDWARD CASPINO ("E. CASPINO"), WILLIAM CASPINO ("W. CASPINO"), LAVERN JOSEPH, KERILYN KELIINOI, HOWARD UNEBASAMI, and FAUSTO ARAGON, JR., the defendants, knowingly and willfully conspired and agreed with each other, and with others known and unknown to the Grand Jury, to commit offenses against the United States, namely to conduct, finance, manage, supervise, direct, and own an illegal gambling business, in violation of Title 18, United States Code, Section 1955.

*Manner and Means of the Conspiracy*

2.    It was part of the conspiracy that the defendants did conduct, finance, manage, supervise, direct, and own an illegal chicken fighting operation at 87-881 Iliili Road, Honolulu, Hawaii (the "Property").  As part of the conspiracy, the defendants conducted regular chicken fight events at the Property involving gambling on the chicken fights as well as gambling on games of chance, such as

2

"craps." Such gambling business was in violation of Hawaii Revised Statutes, Section 712-1222.

3.      It was further part of the conspiracy that UNEBASAMI sold the Property, which was owned by BASAMI LLC, to JOSEPH and W. CASPINO. UNEBASAMI privately financed the purchase of the Property, by advancing a portion of the down payment for the transaction to the title company on behalf of JOSEPH and W. CASPINO, and then by accepting monthly payments from JOSEPH. At some point while accepting monthly mortgage payments for the Property, UNEBASAMI learned that the Property was being used to host an illegal gambling business consisting of large chicken fights and games of chance, and UNEBASAMI continued to finance the Property for use in the illegal gambling business.

4.      It was further part of the conspiracy that E. CASPINO and JOSEPH provided $100,000 in cash to UNEBASAMI in return for the down payment and financing that UNEBASAMI had provided.

5.      It was further part of the conspiracy that JOSEPH paid the monthly mortgage payments for the Property, which was owned in the names of JOSEPH and W. CASPINO. The funds JOSEPH used to make each payment originated as cash not derived from the legitimate income of either JOSEPH or W. CASPINO.

6.     It was further part of the conspiracy that E. CASPINO and W. CASPINO managed the day-to-day operation of the chicken fight events by, among other things, setting fight schedules, soliciting fighters, constructing the chicken fighting pavilion and seating, and directing JOSEPH to make payments for the property.

7.     It was further part of the conspiracy that KELIINOI assisted in the day-to-day operation of the chicken fight events by, among other things, collecting and handling U.S. currency from chicken fight event attendees.

8.     It was further part of the conspiracy that ARAGON worked at the chicken fight events by selling access to seats close to the chicken fights and managing the clean-up crew after the completion of each fight.

9.     It was further part of the conspiracy that the illegal gambling business continuously operated for more than 30 days and had a gross revenue in excess of $2,000 or more in a single day.

*Overt Acts*

10.     In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the defendants committed overt acts within the District of Hawaii and elsewhere, including the following:

a.     On May 6, 2020, UNEBASAMI used a check from BASAMI LLC to buy a cashier's check for $20,000, which was provided to an escrow

company as partial down payment for the purchase of the Property by W. CASPINO and JOSEPH.

b.     On May 15, 2020, UNEBASAMI used $60,000 from the business account of BASAMI LLC to buy a cashier's check for $60,000, which was provided to the escrow company as partial down payment for the purchase of the Property by W. CASPINO and JOSEPH.

c.     On June 1, 2020, W. CASPINO and JOSEPH bought the Property from BASAMI LLC, which was owned by UNEBASAMI, for $600,000, and used funds previously provided by UNEBASAMI as a down payment for the purchase.

d.     On a monthly basis, beginning June 30, 2020, and through at least January 1, 2023, JOSEPH made loan payments to BASAMI LLC.  The funds JOSEPH used to make each payment originated as cash not derived from the legitimate income of either JOSEPH or W. CASPINO.

e.     On or about October 28, 2021, in a telephone call, E. CASPINO and W. CASPINO discussed the scheduling of "derbies," or large chicken fights, and sending out schedules.

f.     On or about November 21, 2021, in a telephone call, E. CASPINO and JOSEPH discussed chicken fights, scheduling, and chicken handlers, referred to as "fighters."

g.      On January 2, 2022, in a telephone call, E. CASPINO and JOSEPH discussed the payments to BASAMI LLC for the Property.

h.      On multiple occasions, including March 12, 2022, June 27, 2022, November 30, 2022, December 1, 2022, and December 16, 2022, KELIINOI sent a text message to another person with the upcoming chicken fight schedule, including required weights, entry fees, fight instructions, and related information.

i.      On November 26, 2022, the defendants held a large-scale chicken fight event at the Property with gambling on chicken fights and on games of chance.

j.      December 4, 2022, the defendants held a large-scale chicken fight event at the Property with gambling on chicken fights and on games of chance.

k.      On February 25, 2023, the defendants held a large-scale chicken fight event at the Property with gambling on chicken fights and on games of chance.

l.      On March 5, 2023, the defendants held a large-scale chicken fight event at the Property with gambling on chicken fights and on games of chance.

m.     On March 11, 2023, the defendants held a large-scale chicken fight event at the Property with gambling on chicken fights and on games of chance.

n.     On March 18, 2023, the defendants held a large-scale chicken fight event at the Property with gambling on chicken fights and on games of chance.

o.     E. CASPINO and ARAGON were both present at the event.

All in violation of Title 18, United States Code, Section 371.

## Count 2
### Illegal Gambling Business (Chicken Fighting)
### 18 U.S.C. § 1955

From a precise earlier date unknown, but by at least June 1, 2020, and continuing to at least on or about March 29, 2023, within the District of Hawaii and elsewhere, EDWARD CASPINO, WILLIAM CASPINO, LAVERN JOSEPH, KERILYN KELIINOI, HOWARD UNEBASAMI, and FAUSTO ARAGON, JR., the defendants, and others known and unknown to the Grand Jury, did conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, namely an illegal chicken fighting operation involving gambling on the chicken fights as well as gambling on games of chance, which gambling business was in violation of Hawaii Revised Statutes, Section 712-1222, and which involved five or more persons who conducted, financed, managed, supervised,

directed, and owned all or a part of said illegal gambling business, and which

remained in substantially continuous operation for a period in excess of thirty days

and had a gross revenue of $2,000 in any single day.

All in violation of Title 18, United States Code, Section 1955.

Count 3
Illegal Gambling Business (Game Rooms)
18 U.S.C. § 1955

From a precise earlier date unknown, but by at least September 2021, and

continuing to at least on or about March 29, 2023, within the District of Hawaii

and elsewhere, EDWARD CASPINO, the defendant, and others known and

unknown to the Grand Jury, did conduct, finance, manage, supervise, direct, and

own all or part of an illegal gambling business, namely the operation of illegal

game rooms, which gambling business was in violation of Hawaii Revised

Statutes, Section 712-1222, and which involved five or more persons who

conducted, financed, managed, supervised, directed, and owned all or a part of said

illegal gambling business, and which remained in substantially continuous

operation for a period in excess of thirty days and had a gross revenue of $2,000 in

any single day.

All in violation of Title 18, United States Code, Section 1955.

Forfeiture Notice
(Gambling)

1.     The allegations contained in Counts 2 and 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.     The United States hereby gives notice to the defendants that, upon conviction of the offenses charged in Counts 2 and 3 of the Indictment, the government will (1) seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1955, a specified unlawful activity within the meaning of Title 18, United States Code, Section 1961(1), and (2) seek forfeiture in accordance with Title 18, United States Code Section 1955(d), of any property, including money, used in violation of Title 18, United States Code, Section 1955, including but not limited to the following:

a.    $468,800.00 in U.S. currency seized on or about March 2, 2023, from safe deposit boxes at Bank of Hawaii, Waianae Branch;

b.    $122,763.00 in U.S. currency seized on or about March 29, 2023, from a residence on Moekolu Street in Waianae, Hawaii; and

c.    All right, title, and interest, including all appurtenances and improvements thereon, in the real property known as 87-881 Iliili Road, Waianae, Hawaii 96792.

3.    If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

       DATED:    October 26, 2023, at Honolulu, Hawaii.

                        A TRUE BILL

                        /s/ Foreperson

                        FOREPERSON, GRAND JURY

CLARE E. CONNORS
United States Attorney

MICHAEL F. ALBANESE
Assistant U.S. Attorney

United States v. Edward Caspino, et al.
Indictment
Cr. No.    CR 23 - 00086 JMS