# ORIGINAL

CLARE. E. CONNORS  #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Chief, White Collar Crimes

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Michael.Albanese@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 1 2024

at ___ o'clock and ___ min. ___ M
Lucy H. Carrillo, Clerk

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 23-00086 JMS |
| ) | |
| Plaintiff, ) | MEMORANDUM OF PLEA |
| ) | AGREEMENT |
| vs. ) | |
| ) | DATE:  March 21, 2024 |
| FAUSTO ARAGON, JR., ) | TIME 1:30 P.M. |
| ) | JUDGE: Hon. J. Michael Seabright, |
| Defendant. ) | U.S. District Judge |
| ) | |
| ) | |

## **MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, FAUSTO ARAGON, JR., and his

attorney, Michael J. Green, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged in the

Indictment with violating Title 18, United States Code, Sections 371 and 1955.

2.      The defendant has read the charges against him contained in the

Indictment, and those charges have been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crimes

with which he has been charged.

## THE AGREEMENT

4.      The defendant will enter a voluntary plea of guilty to Count 1 of the

Indictment, which charges him with conspiracy to conduct, finance, manage,

supervise, direct, and own an illegal gambling business.   In return, the government

agrees to move to dismiss Count 2 of the Indictment as to the defendant after

sentencing and the parties agree to jointly recommend a sentence of probation.

The defendant acknowledges that this joint recommendation is binding on the

government, but not binding on the Court.

5.      The defendant agrees that this Memorandum of Plea Agreement shall

be filed and become part of the record in this case.

2

6.      The defendant enters this plea because he is in fact guilty of

conspiracy to conduct, finance, manage, supervise, direct, and own an illegal

gambling business as charged in Count 1 of the Indictment, and he agrees that this

plea is voluntary and not the result of force or threats.

## PENALTIES

7.      The defendant understands that the penalties for the offense to which

he is pleading guilty include:

a.      A term of imprisonment of up to 5 and a fine of up to $250,000,

plus a term of supervised release up to 3 years.

b.      In addition, the Court must impose a $100 special assessment as

to each count to which the defendant is pleading guilty.   The defendant agrees to

pay $100 for each count to which he is pleading guilty to the District Court's

Clerk's Office, to be credited to said special assessments, before the

commencement of any portion of sentencing.   The defendant acknowledges that

failure to make such full advance payment in a form and manner acceptable to the

prosecution will allow, though not require, the prosecution to withdraw from this

Agreement at its option.

c.      **Forfeiture.**   Pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C.

§ 2461, forfeiture of any property, real or personal, which constitutes or is derived

3

from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such offense.

## FACTUAL STIPULATIONS

8.     The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a.     At some point after June 2020, Edward Caspino and William Caspino held regular chicken fight events at 87-881 Iliili Road ("87-881").   The events involved gambling.   The chicken fight gambling at these events was unlawful under the laws of the State of Hawaii and typically generated more than $2000 on each day of operation.

b.     Up to at least March 2023, the defendant has been attending regular chicken fight events at 87-881 during the chicken fight "season" since approximately early 2021.   Through his attendance at these events, and his knowledge of how chicken fighting works, he is aware that:

i.     Each chicken fight event included a number of fights between roosters.   Prior to the fight, the rooster handlers attached metal blades called "gaffs" to the claw of the rooster.   A fight ended when one rooster is killed or maimed.   A typical fight at 87-881 Iliili

4

Road involved between three and five roosters per team.   Larger events involved more than 50 teams.

    ii.      For the chicken fights hosted at 87-881 Iliili Road, individuals paid an entry fee (typically between $500 and $2000) to enter a team of roosters.   The team with the best record after all such fights received a cash prize.

    iii.      At these fights, betting on the outcome of the chicken fights was common, both between competing teams and among spectators.   The amount of individual bets ranged from $10 among spectators to over $1000.   At some of the fights, other games of chance such as "craps" or "pepito" were in operation.

    c.      Based on the defendant's attendance at the fights at 87-881, he was aware that the chicken fight operation involved five or more persons.   This number included persons tasked with generating the matchups between teams, officiating fights, security, collecting parking fees, collecting seat fees, selling concessions, and clean-up.

    d.      At some point after June 2020, Edward Caspino and William Caspino approached the defendant and requested that the defendant work at the chicken fight events occurring at 87-881.   Specifically, Edward Caspino and

5

William Caspino requested that the defendant set up chairs for spectators at the chicken fights and clean up afterward.   The defendant agreed to do so.   His role was to set up seating for the chicken fights, and to "sell" the premium seating to spectators.   Edward Caspino or William Caspino informed the defendant of individuals that were to receive complimentary seating, and the defendant reserved premium seating for those individuals. The defendant used the proceeds from the sale of premium seating to pay other individuals to assist him in cleaning the property after the fights.   Edward Caspino or William permitted the defendant to keep any remaining money as his payment.

e.    At times, William Caspino also instructed the defendant to pay other individuals out of the seat sale proceeds.   For example, William Caspino regularly directed the defendant to pay cash to William Caspino's sister.

f.    The defendant observed William Caspino engage in an organizer role at the chicken fights by instructing fighters, vendors, and spectators about where to set up tents, store their chickens, and other similar logistics.   The defendant also observed Edward Caspino during most of the chicken fight events.

g.    At the request of William Caspino and Edward Caspino, the defendant signed a lease for a portion of the property at 87-881.   After signing the lease, he provided it to Lavern Joseph.   The defendant believed that he was leasing

6

the front portion of the property to use for agricultural use.   However, the property was not suitable for that purpose, so the defendant never took possession of the purportedly leased property or made any payments on the lease.

9.    Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.    Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a sentence of probation provided that the defendant does not commit a federal or state crime between the defendant's execution of this Memorandum of Plea Agreement and the sentencing of the defendant in this matter.

b.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will

7

truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

        c.    The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.    The parties represent that as of the date of this agreement there are no material facts in dispute.

### APPEAL/COLLATERAL REVIEW

13.    The defendant is aware that he has the right to appeal his conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to · assert any and all legally waivable claims.

9

a.      The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.      If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c.      The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.     In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

10

a.    The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or

11

remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §
3E1.1.

        b.      The defendant expressly authorizes the United States
Attorney's Office to obtain his credit report. The defendant agrees to provide
waivers, consents, or releases requested by the United States Attorney's Office to
access records to verify the financial information, such releases to be valid for a
period extending 90 days after the date of sentencing. The defendant also
authorizes the United States Attorney's Office to inspect and copy all financial
documents and information held by the USPO.

        c.      Prior to-sentencing, the defendant agrees to notify the Financial
Litigation Unit of the U.S. Attorney's Office before making any transfer of an
interest in property with a value exceeding $1,000 owned directly or indirectly,
individually or jointly, by the defendant, including any interest held or owned
under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15.    As part of his acceptance of responsibility and pursuant to 18 U.S.C.
§ 981(a)(1)(C) & 28 U.S.C. § 2461, the defendant agrees as follows:

        a.      The defendant agrees to forfeit to the United States all of his
right, title, and interest in the following property (the "Specific Property"):

       i.     $468,800.00 in U.S. currency seized on or about March 2, 2023 from safe deposit boxes at Bank of Hawaii, Waianae Branch;

       ii.    $122,763.00 in U.S. currency seized on or about March 29, 2023 from a residence on Moekolu Street in Waianae, Hawaii;

       iii.   All right, title, and interest, including all appurtenances and improvements thereon, in the real property known as 87-881 Iliili Road, Waianae, Hawaii 96792.

       b.    The defendant acknowledges that the Specific Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such offense.

       c.    The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

       d.    The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete

the forfeiture and disposition of the property. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property becoming final as to the defendant when entered.

e. The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that the defendant may have filed in such a proceeding. The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

14

f.      The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

## IMPOSITION OF SENTENCE

16.     The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.     The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

15

## WAIVER OF TRIAL RIGHTS

18.     The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.      If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

16

c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on his own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

19.     The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

17

a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The _only_ exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

22.    The defendant agrees that he will fully cooperate with the United States.

18

a.  The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

b.  The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c.  The defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d.  The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

e.     Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

23.     In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24.     Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

20

a.   The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.   This Agreement does not require the prosecution to make such a request or motion.

c.   This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

d.   Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

25.   The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

26.   To become effective, this Agreement must be signed by all signatories listed below.

21

27.     Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

Dated: 3|21|24

CRAIG S. NOLAN
Chief, White Collar Crimes

Dated: 3/21/24

MICHAEL F. ALBANESE
Assistant U.S. Attorney

Dated: 3/9/2024

FAUSTO ARAGON, JR.
Defendant

Dated: 3-11-24

MICHAEL J. GREEN
Attorney for Defendant

22