CLARE. E. CONNORS  #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Chief, White Collar Crimes

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
Email:       Michael.Albanese@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 0 2025

at _3_ o'clock and _40_ min. _P_ M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  CR. NO. 23-00086 JMS (3) |
| | ) |
| Plaintiff, | )  MEMORANDUM OF PLEA |
| | )  AGREEMENT |
| vs. | ) |
| | )  DATE: |
| LAVERN JOSEPH, | )  TIME |
| | )  JUDGE: |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, LAVERN JOSEPH, and her attorney,

Richard H. S. Sing, Esq., have agreed upon the following:

## THE CHARGES

1.     The defendant acknowledges that she has been charged in the

Indictment with violating Title 18, United States Code, Sections 371 and 1955.

2.     The defendant has read the charges against her contained in the

Indictment, and those charges have been fully explained to her by her attorney.

3.     The defendant fully understands the nature and elements of the crimes

with which she has been charged.

## THE AGREEMENT

4.     The defendant will enter a voluntary plea of guilty to Count 1 of the

Indictment, which charges her with conspiracy to conduct, finance, manage,

supervise, direct, and own an illegal gambling business.   In return, the government

agrees to move to dismiss Count 2 of the Indictment as to the defendant after

sentencing, and agrees to the sentencing stipulations set forth in paragraph 10.

5.     The defendant agrees that this Memorandum of Plea Agreement shall

be filed and become part of the record in this case.

6.     The defendant enters this plea because she is in fact guilty of

conspiracy to conduct, finance, manage, supervise, direct, and own an illegal

2

gambling business as charged in Count 1 of the Indictment, and she agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.    The defendant understands that the penalties for the offense to which she is pleading guilty include:

a.    A term of imprisonment of up to 5 years and a fine of up to $250,000, plus a term of supervised release of up to 3 years.

b.    In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c.    **Forfeiture.**  Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such

3

offense, and/or forfeiture of any property, including money, used in violation of Title 18, United States Code, Section 1955.

## FACTUAL STIPULATIONS

8.      The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a.      In June 2020, co-defendants Edward Caspino and William Caspino, the defendant's sons, purchased the property located at 87-881 Iliili Road from Howard Unebasami.   The title to the land states that the property was purchased by William Caspino and the defendant; however, Edward Caspino and William Caspino provided the funds for the purchase, including the funds for ongoing payments for the property.   The defendant used funds provided by Edward Caspino, William Caspino, or both, to write checks (both cashier's checks and personal checks) to make the monthly payments for the property.

b.      At some point after June 2020, Edward Caspino and William Caspino, working with others, began holding regular chicken fight events at 87-881 Iliili Road.   The events involved gambling.   The chicken fight gambling at these events was unlawful under the laws of the State of Hawaii

4

and typically generated more than $2000 on each day of operation.   The chicken fight events continued up to at least March 2023.   The defendant was aware of this activity.   Her role was to make the monthly payments for 87-881 Iliili Road using funds provided by Edward Caspino and William Caspino.

     c.     Through her attendance at these events, and her knowledge of how chicken fighting works, the defendant is aware that:

     i.     Each chicken fight event included a number of fights between roosters.   Prior to the fight, the rooster handlers attached metal blades called "gaffs" to the claw of the rooster.   A fight ended when one rooster is killed or maimed.   A typical fight at 87-881 Iliili Road involved between three and five roosters per team.   Larger events involved more than 50 teams.

     ii.     For the chicken fights hosted at 87-881 Iliili Road, individuals paid an entry fee (typically between $500 and $2000) to enter a team of roosters.   The team with the best record after all such fights received a cash prize.

     iii.     At these fights, betting on the outcome of the chicken fights was common, both between competing teams and among

5

spectators.   The amount of individual bets ranged from $10 among spectators to over $1000.   At some of the fights, other games of chance such as "craps" or "pepito" were in operation.   All of these bets constitute "gambling," as that term is defined by Haw. Rev. Stat. § 712-1220, in that the bettor, "stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome."

d.      Based on the defendant's role in and knowledge of the chicken fights at 87-881 Road, she was aware that the chicken fight operation involved five or more persons.   This number included persons tasked with generating the matchups between teams, officiating fights, security, collecting parking fees, collecting seat fees, selling concessions, and clean-up.

9.      Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

6

## SENTENCING STIPULATIONS

10.    Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.    The government agrees that based on the facts presently known to the government, the government will not seek an offense level increase for aggravating role under U.S.S.G. § 3B1.1.   The defendant acknowledges that this agreement is binding on the government, but not binding on the Court. The defendant is free to argue that she is entitled to a reduction for mitigating role under U.S.S.G. § 3B1.2 at sentencing.

b.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for

acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

      c.     The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible.  The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

     11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.  The parties understand that the Court's rejection of any stipulation between the parties

8

does not constitute a refusal to accept this Agreement since the Court is expressly

not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no

material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that she has the right to appeal her conviction

and the sentence imposed.   The defendant knowingly and voluntarily waives the

right to appeal, except as indicated in subparagraph "b" below, her conviction and

any sentence within the Guidelines range as determined by the Court at the time of

sentencing, and any lawful restitution or forfeiture order imposed, or the manner in

which the sentence, restitution, or forfeiture order was determined, on any ground

whatsoever, in exchange for the concessions made by the prosecution in this

Agreement.   The defendant understands that this waiver includes the right to

assert any and all legally waivable claims.

a.     The defendant also waives the right to challenge her conviction

or sentence or the manner in which it was determined in any collateral attack,

including, but not limited to, a motion brought under Title 28, United States Code,

Section 2255, except that the defendant may make such a challenge (1) as

9

indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

    14.    In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

      a.    The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a

10

comprehensive financial statement.   To avoid the requirement of the defendant

completing financial statements for both the USPO and the government, the

defendant agrees to truthfully complete a financial statement provided to the

defendant by the United States Attorney's Office.   The defendant agrees to

complete the disclosure statement and provide it to the USPO within the time

frame required by the United States Probation officer assigned to the defendant's

case.   The defendant understands that the USPO will in turn provide a copy of the

completed financial statement to the United States Attorney's Office.   The

defendant agrees to provide written updates to both the USPO and the United

States Attorney's Office regarding any material changes in circumstances, which

occur prior to sentencing, within seven days of the event giving rise to the changed

circumstances.   The defendant's failure to timely and accurately complete and

sign the financial statement, and any written update thereto, may, in addition to any

other penalty or remedy, constitute the defendant's failure to accept responsibility

under U.S.S.G § 3E1.1.

      b.     The defendant expressly authorizes the United States

Attorney's Office to obtain her credit report.   The defendant agrees to provide

waivers, consents, or releases requested by the United States Attorney's Office to

access records to verify the financial information, such releases to be valid for a

period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15.    As part of her acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, the defendant agrees as follows:

a.    The defendant agrees to forfeit to the United States all of her right, title, and interest in the following property (the "Specific Property"):

i.    $468,800.00 in U.S. currency seized on or about March 2, 2023 from safe deposit boxes at Bank of Hawaii, Waianae Branch;

ii.    $122,763.00 in U.S. currency seized on or about March 29, 2023 from a residence on Moekolu Street in Waianae, Hawaii;

12

          iii.    All right, title, and interest, including all appurtenances and improvements thereon, in the real property known as 87-881 Iliili Road, Waianae, Hawaii 96792.

          b.    The defendant acknowledges that the Specific Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such offense, and/or in accordance with Title 18, United States Code, Section 1955(d), as property, including money, used in violation of Title 18, United States Code, Section 1955.

          c.    The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

          d.    The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure

regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property becoming final as to the defendant when entered.

e.      The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that the defendant may have filed in such a proceeding. The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

f.      The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other

14

monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

## IMPOSITION OF SENTENCE

16.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.    The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.    The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18.    The defendant understands that by pleading guilty she surrenders certain rights, including the following:

15

a.    If the defendant persisted in a plea of not guilty to the charges against him, then she would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.    If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.    At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The

16

defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on her own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

        e.    At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

    19.    The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

    20.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives

17

any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22.    The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

23.    To become effective, this Agreement must be signed by all signatories listed below.

18

24.    Should the Court refuse to accept this Agreement, it is null and void
and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

Dated: 1/6/25

CRAIG S. NOLAN
Chief, White Collar Crimes

Dated: 1/6/25

MICHAEL F. ALBANESE
Assistant U.S. Attorney

Dated: 1/3/25

LAVERN JOSEPH
Defendant

Dated: 1/3/25

RICHARD H. S. SING, ESQ.
Attorney for Defendant

19